[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 10290
This tax appeal involves the assessment of value placed upon the plaintiff's property located on Old Gate Lane, Milford following a statutorily mandated revaluation on October 1, 1991. The plaintiff, a corporate subsidiary of United Parcel Service, purchased two buildings located on one side of Old Gate Lane as well as an undeveloped parcel across the street. The property was purchased by the plaintiff in 1989 and consisted of two buildings in the nature of warehouses on one tract with the adjacent tract being undeveloped. The purchase price was $7,750,000. It was the intention of the plaintiff to renovate the building retaining the exterior and upon completion of alterations to use the buildings as a distribution center for its package delivery operations. The plaintiff set about gutting the buildings and had essentially completed that phase of its plans prior to the revaluation which resulted in the reassessment of October 1, 1991. The project completed by the plaintiff was halted prior to October 1991 because of a downturn in economic conditions which apparently suggested to the plaintiff and the United Parcel Service that the benefit to be derived from the facility and the cost of renovation did not merit proceeding with the project.
The property was evaluated by the assessor's office of Milford in its "gutted" state and remains substantially in the same physical condition at this time, natural wear and tear excepted, having been boarded up when the decision was made not to proceed.
On October 1, 1991, the Town of Milford determined the fair market value of the two parcels with improvements thereon to be $6,143,200. In 1994 the evaluation of the undeveloped tract was reduced resulting in an adjusted total fair market value of $5,712,500 and the 70% assessment was reduced accordingly. Aside from that reduction the 1991 assessment has remained as the basis for the tax burden imposed upon this property from the period October 1, 1991 to October 1, 1996. The plaintiff, for reasons best known to itself, did not challenge the assessment of October 1, 1991 but instead presumably paid the taxes imposed on the property from 1992 ad 1993 and then brought the instant action for the assessment year 1994 and for subsequent years to date as the complaint has been amended.
It is the claim of the plaintiff that the determination of CT Page 10291 fair market value as reflected on the Grand List of October 1, 1991 was grossly in excess of the true market value and this assessment having been continued in subsequent years by the Town of Milford is today grossly excessive, disproportionate and unlawful.
This court on November 1, 1996 decided, consistent with the lower court's decision in Jupiter Realty Co. v. Town of Vernon,242 Conn. 363 on the same issue as presented here that an appeal from the 1991 assessment did not lie on the grounds of waiver since the appellant did not initially appeal the original assessment of October 1, 1991.
The Supreme Court having reversed the decision as noted above remands this case for reconsideration of the grounds advanced by the appellant in its appeal of the assessment by the Town of Milford as reflected in its Grand List of October 1, 1994 and succeeding years by Amendments to the original appeal as of record of here.
At the hearing on this appeal on October 3, 1996 the appellant produced several witnesses who testified as to the purchase of the property by the appellant and its status from its purchase in 1989 as previously referred to in this memorandum. The appellants also produced as a witness one George Shawah, a real estate appraiser and broker from Bridgeport, Connecticut. (T.-p. 33). He presented qualifications permitting him to testify as an expert regarding appraisals of commercial property in the Milford-Bridgeport area. After examination of the property owned by the appellant which is the subject of this appeal, he concluded that the fair market value or October 1, 1991 was $3,080,000 (T.-p. 37) (This figure was mistakenly given as $3,000,080.00 earlier in the transcript at p. 37).
This figure is in sharp contrast to the Towns' evaluation of fair market value of $5,445,700 (T.-p. 37).
Mr. Shawah in his testimony described the properties in the neighborhood of the property of the appellant at length considering all those elements which have a bearing on the value of the appellant's property and analyzed the properties to arrive at a fair market value by utilizing an income approach and a market approach based upon comparable land sales. He did not use a cost approach because of the age and condition of the buildings as previously referred to. Because the buildings were unusable CT Page 10292 due to their condition, he took into consideration rehabilitation time to prepare for rental, the cost thereof, and projected rental income at a point estimated in time some five years hence. He also gathered commercial rental figures from properties located in the general area to arrive at this conclusion of fair market value. Additionally, he employed comparable sales in the area to arrive at his conclusion. Due to the conditions of the buildings he contemplated demolition of them at a cost of $270,000 (T.-p. 59) in order to produce clear land for sale and concluded that the land would have a fair market value of $3,080,000 (T.-p. 59). The Court considered this evaluation complete and credible.
The Town through its witness, William Gaffney, the Assessor for Milford, offered his view of the fair market value of the property. (T.-p. 90) based upon his knowledge of the Towns' property values since he started his employment as Assessor in September 1992. While he was not involved in the inspection and analysis of properties resulting in the revaluation of October 1, 1991 (having not been employed by the defendant until 11 months later) he testified from the records on file in the Assessor's office and also stated that he had made no independent assessment of the property since the original evaluation. These records indicated, inter alia, that air conditioning equipment in place in the buildings had a value of $255,000, when in point of fact, there was none in the building and also that the age of the buildings was set at twenty-five years when in fact they were fifty years old. (T.-p. 103). In conclusion, he testified that he knew of no buildings in Milford that were in worse condition than this property of the appellant. The Town offered no evidence beyond the Assessor's records and the Assessor's testimony as noted concerning the fair market value of these properties on and subsequent to October 1, 1991 except a reduction in total value of $256,800 by combining all of the defendants' properties after October 1, 1991 (T.-p. 94). The defendant suggests that the Court also consider the price paid by the defendant for these premises in October 1989 in partial justification of its determination of fair market value on October 1, 1991. While this may be relevant, it is in the opinion of this Court only another factor to be considered but the weight to be attributed to this may not be significant when changing property values can occur over a relatively short period of time due to economic conditions and also that a specific piece of property may have a value unique only to the purchaser. CT Page 10293
While the Court is mindful of the proposition that due deference should be given to the determination of the Assessors as to valuation for tax purposes, see Burritt Mutual Savings Bankv. New Britain, 146 Conn. 669, 675, this Court's conclusion according to the evidence presented to it, is that the property at issue was substantially over valued at the time of its assessment and remains so to date.
The Court further finds that the Special Defense as filed by the defendant has not been proven.
Accordingly, the Appeal is sustained and the relief requested by the Appellant as set out in Paragraph 4 of its Post-trial Brief of October 22, 1996 is granted, i.e., That the fair market value of the two parcels in question be reduced to $3,080,000; that the Town recompute the property taxes on these properties for the years at issue and reimburse the plaintiffs for any over payment, together with interest and costs of the action.
GEORGE W. RIPLEY, JUDGE REFEREE